ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2014 JUL -9 PM 3:06

CLERK OF THE COURT
BY:_____
DEPUTY CLERK
D. STEPPE

1  LAW OFFICES OF STEPHENSON,
2      ACQUISTO & COLMAN, INC.
   MELANIE JOY STEPHENSON-LAWS, ESQ.
3                         (SBN 113755)
4  BARRY SULLIVAN, ESQ.      (SBN 136571)
   RICHARD A. LOVICH, ESQ.   (SBN 113472)
5  KARLENE J. ROGERS-ABERMAN, ESQ.
6                         (SBN 237883)
   CHRISTINE V. NITOFF, ESQ.  (SBN 288646)
7  303 N. Glenoaks Blvd., Suite 700
8  Burbank, CA 91502

9  Telephone:  (818) 559-4477
10 Facsimile:   (818) 559-5484

11 Attorneys for Plaintiff
   THE REGENTS OF THE UNIVERSITY OF
12 CALIFORNIA, a California public trust corporation,
13 on behalf of the Hospitals Auxiliary of the Medical
   Center at the University of California, San Francisco,
14 a California non-profit public benefit corporation

15          SUPERIOR COURT OF CALIFORNIA

16          FOR THE COUNTY OF SAN FRANCISCO

17              UNLIMITED JURISDICTION

18                          CGC-14-540448

19 THE REGENTS OF THE          Case No.:
20 UNIVERSITY OF CALIFORNIA, a
   California public trust corporation, on   COMPLAINT FOR DAMAGES FOR:
21 behalf of the Hospitals Auxiliary of the
22 Medical Center at the University of      1.   *Quantum Meruit*; AND
   California, San Francisco, a California
23 non-profit public benefit corporation,   2.   VIOLATION OF CAL. HEALTH
                                                  & SAFETY CODE § 1371.4
24
                  Plaintiff,
25
         vs.
26
   GLOBAL EXCEL MANAGEMENT,
27 INC., a Canadian for-profit corporation;
   and DOES 1 THROUGH 25,
28

FC 11662                    - 1 -    COMPLAINT FOR DAMAGES FOR:  1.  *QUANTUM
                                     MERUIT*; AND 2. VIOLATION OF CAL. HEALTH &
                                     SAFETY CODE § 1371.4

1   INCLUSIVE,

2                   Defendants.

3

4                               **PARTIES**

5

6          1.     The Regents of the University of California (the "Regents") is a

7   public trust corporation established and recognized pursuant to the Constitution of

8   the State of California, Article 9, section 9, with full powers of organization and

9   government. The Regents is authorized to administer various medical facilities

10  within the University of California system, including the Hospitals Auxiliary of the

11  Medical Center at the University of California, San Francisco ("UCSF"), itself a

12  non-profit public benefit corporation organized and existing pursuant to the laws of

13  the State of California (Regents and UCSF shall be collectively referred to as

14  "UCSF Medical Center"). UCSF Medical Center has its principal place of

15  operation in the City and County of San Francisco, California. UCSF Medical

16  Center provides medical care to patients.

17

18         2.     Defendant Global Excel Management, Inc. ("Global Excel") is

19  a Canadian for-profit corporation qualified to do business in the State of California,

20  and is organized and existing pursuant to the laws of Canada. Global has its

21  principal place of business in Quebec, Canada. Global Excel is in the business of

22  arranging for the provision of health care services to its enrollees and/or paying for

23  or reimbursing part or all of the cost for those services.

24

25         3.     UCSF Medical Center is unaware of the true names and

26  capacities, whether corporate, associate, individual, partnership or otherwise of

27  defendants Does 1 through 25, inclusive, and therefore sues such defendants by

28  such fictitious names. UCSF Medical Center will seek leave of the Court to amend

---

FC 11662                          - 2 -        COMPLAINT FOR DAMAGES FOR: 1. *QUANTUM MERUIT*; AND 2. VIOLATION OF CAL. HEALTH & SAFETY CODE § 1371.4

1    this complaint to allege their true names and capacities when ascertained.

2

3        4.    Defendants Global Excel and Does 1 through 25, inclusive,

4    shall be collectively referred to as "Global Excel."

5

6        5.    Global Excel, and each of them, at all relevant times, have

7    transacted business in the State of California. The violations alleged within this

8    complaint have been and are being carried out in the State of California.

9

10       6.    At all relevant times each of the defendants, including the

11    defendants named "Doe," was and is the agent, employee, employer, joint venturer,

12    representative, alter ego, subsidiary, and/or partner of one or more of the other

13    defendants, and was, in performing the acts complained of herein, acting within the

14    scope of such agency, employment, joint venture, or partnership authority, and/or

15    is in some other way responsible for the acts of one or more of the other

16    defendants.

17

18                  **COMMON FACTUAL BACKGROUND**

19

20       8.    Beginning on February 05, 2013 through February 22, 2013,

21    UCSF Medical Center provided medically necessary, emergency services, supplies

22    and/or equipment to Patient S.K. (ID **9724)[1] identified on the spreadsheet

23    attached here to this Complaint as Exhibit A ("Patient"). Patient was an enrolled

24    beneficiary and/or member of a health plan sponsored, administered, and/or funded

25

26    [1] UCSF Medical Center has limited disclosure of patient identification here
pursuant to the privacy provisions of the Health Insurance Portability &

27    Accountability Act ("HIPAA"), 42 U.S.C §§ 1320d *et seq.*, and the California
Constitution, art. I § 1.

28

          - 3 -      COMPLAINT FOR DAMAGES FOR: 1. *QUANTUM MERUIT*; AND 2. VIOLATION OF CAL. HEALTH & SAFETY CODE § 1371.4

1    by Global Excel.

2

3          9.    At all relevant time, UCSF Medical Center and Global Excel

4    did not have a written agreement governing reimbursement rates for the medically

5    necessary services, supplies and/or equipment which UCSF Medical Center

6    rendered or would render to patients who were members of Global Excel's health

7    plan.

8

9          10.    UCSF Medical Center contacted Global Excel by telephone to

10   ascertain whether or not Global Excel or its principal was responsible for the costs

11   associate with the medically necessary, emergency services, supplies and/or

12   equipment rendered to Patient.  In response, Global Excel's agent provided to

13   UCSF Medical Center the relevant insurance verification and insurance coverage

14   eligibility information for Patient under Global Excel's health plan.

15

16         11.    At all relevant times, Global Excel held itself out to be the

17   responsible payor for the services provided to Patient.

18

19         12.    UCSF Medical Center rendered medically necessary,

20   emergency services, supplies and/or equipment to Patient.

21

22         13.    At all relevant times, Global Excel and/or its agent authorized

23   the medical services rendered to Patient by UCSF Medical Center.

24

25         14.    UCSF's usual and customary charges for the medically

26   necessary, emergency services, supplies and/or equipment rendered to Patient was

27   an amount to be proven at trial according to proof but which exceeds

28   $1,012,307.93.

PC 11662                                    - 4 -    COMPLAINT FOR DAMAGES FOR 1. QUANTUM
                                                      MERUIT, AND 2. VIOLATION OF CAL. HEALTH &
                                                      SAFETY CODE § 1371.4

15.   UCSF Medical Center timely and properly submitted to Global Excel at the United States address provided by Global Excel its bill for the medically necessary, emergency services, supplies and/or equipment rendered to Patient, for payment by Global Excel.

16.   Global Excel owed UCSF Medical Center a total of $1,012,307.93 for the medically necessary, emergency services, supplies and/or equipment rendered to Patient.

17.   Global Excel has paid $350,955.26 to UCSF Medical Center for the medically necessary, emergency services, supplies and/or equipment rendered to Patient, but has failed to pay UCSF Medical Center the remaining $661,352.67 amount due, despite demands thereof.

18.   As a result of Global Excel's misconduct, UCSF Medical Center has suffered damages in an amount to be proven at trial according to proof but which exceeds $661,352.67, exclusive of interest.

## FIRST CAUSE OF ACTION

(*Quantum Meruit*)

(Against Defendants Global Excel,

and/or including Does 1 through 25, inclusive)

19.   UCSF Medical Center incorporates by reference and re-alleges paragraphs 1 through 18 here as though set forth in full.

20.   Within the past two years, by its words and/or conduct, Global Excel requested that UCSF Medical Center provide Patient with medically

1   necessary, emergency services, supplies and/or equipment.

2

3       21.     Acting pursuant to Global Excel's implied and/or express

4   request, UCSF Medical Center provided Patient with medically necessary,

5   emergency services, supplies and/or equipment.

6

7       22.     UCSF Medical Center's rendering of medically necessary,

8   emergency services, supplies and/or equipment to Patient was intended to, and did,

9   benefit Patient and therefore Global Excel.

10

11      23.     For rendering the medically necessary, emergency services,

12  supplies and/or equipment rendered to Patient, UCSF Medical Center reasonably

13  expected full payment reimbursement of its billed charges at its usual and

14  customary rates.

15

16      24.     As stated above, UCSF Medical Center's usual and customary

17  total billed charges for the medically necessary, emergency services, supplies

18  and/or equipment it rendered to Patient was an amount to be proven at trial

19  according to proof but which exceeds $1,012,307.93.

20

21      25.     Within the past two years, UCSF Medical Center demanded

22  Global Excel to pay for the medically necessary, emergency services, supplies

23  and/or equipment it rendered to Patient but Global Excel failed to properly pay

24  UCSF, paying $350,955.26.

25

26      26.     As a result of Global Excel's misconduct, UCSF Medical

27  Center has suffered damages in an amount to be proven at trial according to proof

28  but which exceeds $661,352.67, exclusive of interest.

## SECOND CAUSE OF ACTION

(Violation of Cal. Health & Safety Code § 1371.4)

(Against Defendants Global Excel,

and/or including Does 1 through 25, inclusive)

27. UCSF Medical Center incorporates by reference and re-alleges paragraphs 1 through 18 here as though set forth in full.

28. As stated above, Patient was admitted to UCSF Medical Center on February 5, 2013 for emergency services and care. UCSF Medical Center provided medically necessary, emergency services, supplies and/or equipment to Patient from the time of Patient's admission to the time when Patient's condition had sufficiently stabilized to enable that patient to be discharged on February 22, 2013.

29. As stated above, the usual and customary charges for the medically necessary, emergency services, supplies and/or equipment rendered to Patient was an amount to be proven at trial according to proof but which exceeds $1,012,307.93.

30. As stated above, for rendering the medically necessary, emergency services, supplies and/or equipment rendered to Patient, UCSF Medical Center expected full payment reimbursement of its billed charges at its usual and customary rates.

31. UCSF Medical Center provided medically necessary, emergency services, supplies and/or equipment to Patient through stabilization and duly performed all of its required obligations pursuant to Cal. Health and Safety

1    Code § 1371.4.

2

3           32.    Cal. Health & Safety Code § 1371.4(b) provides, in pertinent

4    part: "[a] health care service plan shall reimburse providers for emergency services

5    and care provided to its enrollees."

6

7           33.    Within the past three years, Global Excel violated Cal. Health

8    & Safety Code § 1371.4 by failing to properly pay UCSF Medical Center for the

9    medically necessary, emergency services, supplies and/or equipment rendered to

10   Patient, paying $350,955.26.

11

12          34.    As a result of Global Excel's misconduct, UCSF Medical

13   Center has suffered damages in an amount to be proven at trial according to proof

14   but which exceeds $661,352.67, exclusive of interest.

15

16                          **PRAYER FOR RELIEF**

17

18   **WHEREFORE**, UCSF Medical Center prays for judgment as follows:

19

20   For the First and Second Causes of Action:

21

22          1.     for the principal sum of $661,352.67;

23

24          2.     for interest on such principal sum at the rate of 15% per annum,

25   pursuant to Cal. Health & Safety Code § 1371; or, in the alternative, for interest on

26   such principal sum at the rate of 10% per annum, pursuant to Cal. Civ. Code §

27   3289;

28

---

FC 11662                              - 8 -          COMPLAINT FOR DAMAGES FOR: 1. *QUANTUM
                                                     MERUIT*; AND 2. VIOLATION OF CAL. HEALTH &
                                                     SAFETY CODE § 1371.4

1    For All Causes of Action;

2

3         3.    for all costs of suit incurred herein; and,

4

5         4.    for such other and further relief as the Court deems just and

6    proper.

7

8    Dated: 8 July 2014

9

10                        LAW OFFICES OF STEPHENSON,
                          ACQUISTO & COLMAN, INC.
11

12

13                        CHRISTINE V. NITOFF, ESQ.
14                        Attorneys for
                          THE REGENTS OF THE UNIVERSITY
15                        OF CALIFORNIA, a California public trust
                          corporation, on behalf of the Hospitals
16                        Auxiliary of the Medical Center at the
17                        University of California, San Francisco, a
                          California non-profit public benefit
18                        corporation

19

20

21

22

23

24

25

26

27

28

FC 11662                              - 9 -    COMPLAINT FOR DAMAGES FOR 1. *QUANTUM
                                               MERUIT*, AND 2. VIOLATION OF CAL. HEALTH &
                                               SAFETY CODE § 1371.4

# EXHIBIT A

Exhibit A

## The Regents of the University of California on behalf of the Hospitals Auxiliary of the Medical Center at the University of California, San Francisco vs. Global Excel Management, Inc.

Filing Code 11662          Exhibit A

| File No | Last Name | First Name | Admission | Discharge | Patient ID | Total Charges | Total Paid | Underpaid |
|---------|-----------|------------|-----------|-----------|------------|---------------|------------|-----------|
| 000032492257 | K | S | 2/5/2013 | 2/22/2013 | **9724 | $1,012,307.93 | $350,955.26 | $661,352.67 |
| Grand Total | 1 | | | | | | | $661,352.67 |

CASE NUMBER: CGC-14-540446 THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, A ...

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

**DATE:** DEC-10-2014

**TIME:** 10:30AM

**PLACE:** Department 610
400 McAllister Street
San Francisco, CA 94102-4680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order without an appearance at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court. This case is eligible for electronic filing and service per Local Rule. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CASE PARTICIPATE IN EITHER MEDIATION, ARBITRATION, JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.




**Superior Court of California, County of San Francisco**

**Alternative Dispute Resolution**
**Program Information Package**

---

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint. (CRC 3.221(c))

---

### WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available
for settling a dispute without a trial. There are many different ADR processes, the most common
forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial
people decide disputes or help parties decide disputes themselves. They can help parties
resolve disputes without having to go to court.

### WHY CHOOSE ADR?

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either
in an early settlement conference, mediation, arbitration, early neutral evaluation or some other
alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even
  weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their
  story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in
  ADR have reported a high degree of satisfaction.

### HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may
voluntarily enter into the court's ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this
  packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to
  this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San
  Francisco's ADR Services at 415-782-8905 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
415-551-3876

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

The San Francisco Superior Court offers different types of ADR processes for general civil matters; each ADR program is described in the subsections below:

## 1) SETTLEMENT CONFERENCES

The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute early in the litigation process.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** ESP remains as one of the Court's ADR programs (see Local Rule 4.3) but parties must select the program – the Court no longer will order parties into ESP.

**Operation:** Panels of pre-screened attorneys (one plaintiff, one defense counsel) each with at least 10 years' trial experience provide a minimum of two hours of settlement conference time, including evaluation of strengths and weakness of a case and potential case value. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist. BASF handles notification to all parties, conflict checks with the panelists, and full case management. The success rate for the program is 78% and the satisfaction rate is 97%. Full procedures are at: www.sfbar.org/esp.

**Cost:** BASF charges an administrative fee of $295 per party with a cap of $590 for parties represented by the same counsel. Waivers are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

**(B) MANDATORY SETTLEMENT CONFERENCES:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement, before incurring the expense of going to court, that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law. A mediator strives to bring the parties to a mutually beneficial settlement of the dispute.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** Experienced professional mediators, screened and approved, provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process. BASF staff handles conflict checks and full case management.

ADR-1  12/22 (ja)                    Page 2

Mediators work with parties to arrive at a mutually agreeable solution. The success rate for the program is 64% and the satisfaction rate is 99%.

**Cost:** BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the administrative fee are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

**(B) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private mediation. Parties may elect any private mediator or mediation organization of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

## 3)  ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed.

Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

**Cost:** There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE THE ATTACHED STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF TO ENROLL IN THE LISTED BASF PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF COMPLETED STIPULATIONS TO BASF.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: | |
| ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO 400 McAllister Street San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |

| | CASE NUMBER: |
|---|---|
| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | DEPARTMENT 510 |

1) The parties hereby stipulate that this action shall be submitted to the following ADR process:

☐ **Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $295 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management. www.sfbar.org/esp

☐ **Mediation Services of BASF** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org

☐ Other ADR process (describe) _____

2) The parties agree that the ADR Process shall be completed by (date): _____

3) Plaintiff(s) and Defendant(s) further agree as follows:

_____
_____

| | |
|---|---|
| Name of Party Stipulating | Name of Party Stipulating |
| Name of Party or Attorney Executing Stipulation | Name of Party or Attorney Executing Stipulation |
| Signature of Party or Attorney | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2 04/14          STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:　　　　　　　　FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
　STREET ADDRESS:
　MAILING ADDRESS:
　CITY AND ZIP CODE:
　BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one)*: ☐ UNLIMITED CASE ☐ LIMITED CASE | |
| (Amount demanded (Amount demanded is $25,000 exceeds $25,000) or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:　　　　　　　　Time:　　　　　　　Dept.:　　　　Div.:　　　　　　Room:

Address of court *(if different from the address above)*:

☐ Notice of Intent to Appear by Telephone, by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action)*.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 1 of 5

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.   b.   Provide a brief statement of the case, including any damages. (If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)

☐   (If more space is needed, check this box and attach a page designated as Attachment 4b.)

5.   Jury or nonjury trial
The party or parties request   ☐ a jury trial   ☐ a nonjury trial.   (If more than one party, provide the name of each party requesting a jury trial):

6.   Trial date
a.   ☐   The trial has been set for (date):
b.   ☐   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint (if not, explain):

c.   Dates on which parties or attorneys will not be available for trial (specify dates and explain reasons for unavailability):

7.   Estimated length of trial
The party or parties estimate that the trial will take (check one):
a.   ☐   days (specify number):
b.   ☐   hours (short causes) (specify):

8.   Trial representation (to be answered for each party)
The party or parties will be represented at trial   ☐ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:                                   f.   Fax number:
e.   E-mail address:                                      g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   Preference
☐   This case is entitled to preference (specify code section):

10.   Alternative dispute resolution (ADR)
a.   ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1)   For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)   For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
b.   Referral to judicial arbitration or civil action mediation (if available).
(1) ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2) ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3) ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. (specify exemption):

CASE MANAGEMENT STATEMENT

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*. |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 3 of 5

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:


**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify)*:

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |




c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (if not, explain):

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (specify):

**20. Total number of pages attached (if any):** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

_____          ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

                                                    ☐ Additional signatures are attached.